# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:18-CR-00086-02** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **TALATU HELEN DADA** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court is Defendant Talatu Helen Dada's ("Dada") Motion to Withdraw Plea of Guilty [Doc. No. 450]. Dada entered her guilty plea and was sentenced on May 21, 2019 [Doc. Nos. 376, 382].

Withdrawal of a guilty plea is governed by Federal Rule of Criminal Procedure 11(d) and (e). Rule 11(d) provides that a defendant may withdraw a plea of guilty *before sentencing* if he shows any "fair and just" reason for the withdrawal. FED. R. CRIM. P. 11(d) (emphasis added); *United States v. Powell,* 354 F.3d 362, 370 (5th Cir. 2003). After sentencing, however, the standard changes. In particular, Rule 11(e) provides as follows:

> (e) Finality of a Guilty or Nolo Contendere Plea. *After the court imposes sentence, the defendant may not withdraw a plea of guilty* or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.

FED. R. CRIM. P. 11(e) (emphasis added).

This rule, which was adopted in 2002, "addresses the finality of a guilty or nolo contendere plea after the court imposes sentence. The provision makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." FED. R. CRIM. P. 11(e) 2002 Amendment

Comments; *see also McClure v. Ashcroft,* 335 F.3d 404, 413 (5th Cir. 2003) (stating that Rule 11(e) "reinforces the finality of accepted guilty pleas and makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed"). Since the adoption of Rule 11(e), the Fifth Circuit has held that a "post-sentencing motion to withdraw [a Defendant's] guilty plea [is] unauthorized and without jurisdictional basis." *United States v. Vasquez,* No. 04-50351, 121 Fed. App'x. 17, 18, 2004 WL 2980066 at *1 (5th Cir. Dec.17, 2004) (citing *United States v. Cook,* 670 F.2d 46, 48 (5th Cir. 1982)). Accordingly,

**IT IS ORDERED** that Dada's Motion to Withdraw Plea of Guilty [Doc. No. 450] is **DENIED**.

Monroe, Louisiana, this 2nd day of January, 2020.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**